## The City of Lowell *vs.* Patrick Short.

A town, which has been compelled to pay damages for an injury from a defect in a highway, occasioned by a nuisance placed therein by an individual, may recover of the latter the damages so paid, to the amount of single damages only, in an action on the case.

This was an action on the case tried before *Wells*, C. J., in the court of common pleas. The declaration set forth, that on and before the 11th of August, 1842, there was a public highway in Lowell called Gorham street, which the plaintiffs were bound by law to keep in repair, and safe and convenient for travellers; that on the 9th of said August, the defendant wrongfully and unlawfully placed and deposited a large pile of earth, stones and gravel in said street, occupying one half of the width thereof, and making the same dangerous and inconvenient to travellers, and suffered the said pile to remain there for the space of forty-eight hours, without guards, lights, or barriers; that, afterwards, to wit, on the 11th of said August, in the right time, and while the

street was so incumbered and obstructed, one William Smith, travelling over the said street, and using all due care and skill, struck against the pile above mentioned, whereby his carriage and horse were overturned, and he was thrown out, and greatly injured in his person and property; that he afterwards brought his action against the plaintiffs, for the injury sustained by him, and recovered judgment therein against the plaintiffs for double damages, in the sum of $200, and costs; that the defendant had due notice of the premises, and had been called upon, before the commencement of this action, to indemnify the plaintiff, but had wholly refused to pay the said judgment, or any part of it; and that the same had been paid by the plaintiffs.

It having been proved or admitted, that Smith recovered judgment as above stated, and that it was paid by the plaintiffs, and that Gorham street was a public highway which the plaintiffs were bound to repair; and that the plaintiffs demanded indemnity of the defendant before bringing this suit, the plaintiffs then offered to prove, that the defendant, without any authority or license, piled or caused to be placed a large quantity of gravel, earth and stones in the street, and suffered the same to remain there, as set forth in the writ; and that while the same remained there, and the street was thereby incumbered and made unsafe, said Smith was injured in the manner described in the declaration, and without any carelessness or negligence on his part. This evidence being objected to, the presiding judge ruled that it was not admissible, and that the facts which it purported to prove were insufficient in law to sustain the action; whereupon a verdict was returned for the defendant, and the plaintiffs alleged exceptions.

The case was argued at the sittings in Boston in January last.

S. Ames, city solicitor, (with whom was B. F. Butler), for the plaintiffs, relied upon the case of Lowell v. Boston & Lowell Railroad Corp. 23 Pick. 24, as decisive of the present case. They also referred to Bush v. Steinman, 1 B. & P. 404; Waggoner v. Jermaine, 3 Denio, 406; and Bailey v. New York, 2 Denio, 433; S. C. 3 Hill, 531.

*J. G. Abbott*, for the defendant, cited *Wood* v. *Waterville*, 4 Mass. 422, and 5 Mass. 294; *Griswold* v. *Waddington*, 16 Johns. 438, 487; *Morck* v. *Abel*, 3 B. & P. 35, 38; *Drew* v. *New River Co.* 6 C. & P. 754.

BY THE COURT. This case appears to us not to be distinguishable from the case of *Lowell* v. *Boston & Lowell Railroad Corp.* 23 Pick. 24. The defendant created the nuisance, and thereby exposed the plaintiff. The parties were not *in pari delicto*; they were not respectively chargeable in the same default. The claim of the plaintiffs, if they recover, must be limited to single damages only, according to the rule in the case cited. *Exceptions sustained*